UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
PANAMA CITY DIVISION

FRANK J. ASHMUS,

      Petitioner,

v.                                    Case No. 5:20-cv-153-RV-MJF

WARDEN MALOY,

      Respondent.
_____/

## REPORT AND RECOMMENDATION

Petitioner Frank Ashmus has filed a petition for writ of habeas corpus under 28 U.S.C. § 2254. Doc. 1. Respondent ("the State") answered, Doc. 10, and provided supplemental briefing on the issue of mootness. Doc. 15. Ashmus did not reply, and has not responded to the order directing him to show cause why his petition should not be dismissed as moot. *See* Doc. 12. Ashmus's petition should be dismissed for lack of jurisdiction because it is moot.[1]

---

[1] The District Court referred this case to the undersigned to address preliminary matters and to make recommendations regarding dispositive matters. *See* N.D. Fla. Loc. R. 72.2(B); *see also* 28 U.S.C. § 636(b)(1)(B), (C); Fed. R. Civ. P. 72(b).

## I. BACKGROUND FACTS AND PROCEDURAL HISTORY

In Bay County Circuit Court Case No. 2014-CF-657, Ashmus was charged with Aggravated Battery With a Deadly Weapon by striking Misty Williams in the face with a pipe. Doc. 10, Ex. B1 at 5.[2] Ashmus was appointed counsel and negotiated a plea agreement with the State. Ex. B1 at 62-63. Pursuant to the plea agreement, Ashmus pleaded *nolo contendere* to the crime as charged in exchange for the State recommending a sentence of 2 years on community control (to "roll back" to regular probation after 1 year) followed by 3 years on probation. *Id*. On January 5, 2015, the trial court accepted Ashmus's plea, adjudicated him guilty of Aggravated Battery With a Deadly Weapon, and sentenced him consistent with the plea agreement. *Id*. at 68-76. Ashmus did not appeal the judgment.

On February 6, 2016, the trial court transferred Ashmus's supervision from community control to probation. Ex. B1 at 82-84. On October 7, 2016, the Florida Department of Corrections filed a Violation Report and an Affidavit of Violation of Probation alleging that Ashmus violated Condition 5 of his probation. *Id*. at 86-88

---

[2] Citations to the state court record are to the electronically-filed exhibits attached to the State's answer. Doc. 10. The court cites the lettered exhibit followed by the page number of the original document. If a page of a document bears more than one page number, the court cites the Bates stamp number appearing at the bottom center of the page.

(Violation Report); *Id*. at 89 (Aff. of Violation of Probation); *Id*. at 91 (Warrant). Condition 5 provided: "You will live without violating any law. A conviction in a court of law is not necessary for such a violation of law to constitute a violation of your probation, community control, or any other form of court ordered supervision." Ex. B1 at 75 (Order of Community Control/Probation). The affidavit of violation alleged that Ashmus violated Condition 5 by striking Kathryn Cavalli in the face which resulted in his arrest and new criminal charge for Felony Battery. *Id*. at 86-89.

Ashmus was appointed counsel to assist him in the violation of probation ("VOP") proceeding. Ex. B1 at 90. On December 9, 2016, the VOP trial court conducted an evidentiary hearing on the VOP charge and found Ashmus guilty of willfully violating Condition 5 of his probation. *Id* at 118-47 (Evidentiary Hr'g Tr.); *Id*. at 98-102 (VOP Judgment). The court revoked Ashmus's probation and sentenced him to 72 months of imprisonment. *Id*. at 98-102. The Florida First District Court of Appeal ("First DCA") affirmed the judgment on April 25, 2017, *per curiam* and without written opinion. *Ashmus v. State*, 225 So. 3d 801 (Fla. 1st DCA 2017) (Table) (copy at Ex. B5).

On November 20, 2017, Ashmus filed a *pro se* motion for postconviction relief under Florida Rule of Criminal Procedure 3.850, which he later amended. Ex.

D1 at 99-109 (Third Am. Mot. for Postconviction Relief). The state circuit court summarily denied relief. Ex. D1 at 172-280 (Order & Attach.). The First DCA affirmed *per curiam* and without written opinion. *Ashmus v. State*, 291 So. 3d 920 (Fla. 1st DCA 2020) (Table) (copy at Ex. D5).

On May 4, 2018, Ashmus filed a *pro se* Motion to Correct Illegal Sentence under Florida Rule of Criminal Procedure 3.800(a). Ex. G1. On May 18, 2018, the state circuit court dismissed the motion as facially insufficient. Ex. G2.

On June 15, 2018, Ashmus filed a second *pro se* motion under Rule 3.800(a). Ex. C1 at 9-13. The state circuit court dismissed the motion in part and denied it in part. *Id*. at 19-35. The First DCA affirmed *per curiam* and without written opinion. *Ashmus v. State*, 275 So. 3d 568 (Fla. 1st DCA 2019) (Table) (copy at Ex. C5).

Ashmus filed his *pro se* federal habeas petition on May 7, 2020. Doc. 1 at 1. The petition challenges Ashmus's VOP judgment on three grounds: (1) VOP trial counsel was ineffective for failing to call a sheriff's deputy and a "crime scene technician" to testify at the VOP evidentiary hearing; (2) VOP trial counsel was ineffective for failing to object to hearsay testimony regarding the extent of Ms. Cavalli's injuries; and (3) the VOP sentence was based on an erroneous scoresheet. *Id*. at 9-13 & App. A-C.

On January 27, 2022, the undersigned took judicial notice of information on the Florida Department of Corrections Offender Network, Inmate Release Information Detail, which states that Ashmus was released from FDC custody on January 10, 2021, upon expiration of his VOP sentence. Doc. 12; *see also* Fed. R. Evid. 201; www.dc.state.fl.us/OffenderSearch/. The undersigned directed the parties to show cause why Ashmus's petition should not be dismissed as moot. *Id*.

The clerk of the court mailed a copy of the January 27, 2022 show cause order to Ashmus at his address of record (Cross City Correctional Institution) and to the "Stated Residence Upon Release" address identified on the FDC's website. Doc. 12. Both orders were returned as undeliverable. Docs. 13, 14. The mail addressed to Cross City CI was returned with the notation: "No Longer At This Address – EOS [Expiration of Sentence]." Doc. 14.

The State asserts that Ashmus's petition should be dismissed because his claims are moot. Doc. 15. The State also maintains that Ashmus's ineffective assistance claims are procedurally defaulted; that his sentencing-error claim raises a purely state-law issue; and that all of his claims lack merit. Doc. 10.

## II. DISCUSSION

### A. Jurisdictional Requirement of Standing

Article III of the United States Constitution extends federal judicial power only to cases or controversies. U.S. Const. art. III, § 2, cl. 1. "To invoke the jurisdiction of a federal court, a litigant must have suffered, or be threatened with, an actual injury . . . likely to be redressed by a favorable judicial decision." *Lewis v. Cont'l Bank Corp.*, 494 U.S. 472, 477 (1990). When the injury for which a litigant seeks judicial redress is resolved or disappears prior to the court's decision, there no longer is an Article III case or controversy, and the case is moot. *See Burke v. Barnes*, 479 U.S. 361, 363 (1987); *Los Angeles Cnty. v. Davis*, 440 U.S. 625, 631 (1979) (holding that a case is moot when the issues presented are no longer "live" or when the parties lack a legally cognizable interest in the outcome of the litigation, such as where there is no reasonable expectation that the violation will occur again or where interim relief or events have eradicated the effects of the alleged violation); "[A] habeas petitioner who has been released from imprisonment subsequent to his filing a § 2254 petition must establish that his petition still presents a case or controversy under Article III, § 2, of the United States Constitution, and therefore is not moot." *Mattern v. Sec'y for Dep't of Corr.*, 494 F.3d 1282, 1285 (11th Cir. 2007).

B. **Ashmus's Petition Is Moot**

Ashmus's petition challenges the revocation of his probation and VOP sentence. Ashmus, however, was released from FDC confinement on January 21, 2021, upon the expiration of his VOP sentence.

In *Spencer v. Kemna*, 523 U.S. 1 (1998), the Supreme Court addressed circumstances materially indistinguishable from those here. The petitioner in *Spencer* filed a § 2254 petition challenging the revocation of his parole on the ground that he was denied due process in the parole revocation proceeding. During the pendency of his habeas proceeding, however, Spencer's sentence underlying the parole revocation expired. *Id*. at 5-6. The Supreme Court recognized:

> An incarcerated convict's (or a parolee's) challenge to the validity of his conviction always satisfies [Article III's] case-or-controversy requirement, because the incarceration (or the restriction imposed by the terms of the parole) constitutes a concrete injury, caused by the conviction and redressable by invalidation of the conviction. Once the convict's sentence has expired, however, some concrete and continuing injury other than the now-ended incarceration or parole—some "collateral consequence" of the conviction—must exist if the suit is to be maintained.

*Id*. 523 U.S. at 7 (citing *Carafas v. La Vallee*, 391 U.S. 234, 237-38 (1968)).

The Supreme Court concluded that Spencer's challenge to the revocation of his parole was moot, because he no longer suffered an injury-in-fact from the parole revocation. The Court explained that although a presumption of collateral

consequences applies when a habeas petition challenges the validity of a criminal *conviction*, that presumption does not apply to a petition that challenges the validity of a *parole revocation*. Instead, when a petitioner attacking a parole revocation is released from custody during the pendency of his habeas proceeding due to expiration of his sentence, he must prove the existence of continuing "collateral consequences" of the parole revocation in order to meet Article III's standing requirement. *Spencer*, 523 U.S. at 14. The Court rejected as speculative various arguments concerning *possible* injuries the petitioner could suffer in the future on account of the parole revocation. *Spencer*, 523 U.S. at 14-18 (rejecting petitioner's assertions that he continued to suffer collateral consequences of his parole revocation because the revocation could be used to his detriment in a future parole proceeding, could be used to increase his sentence in a future sentencing proceeding, or might be used against him in subsequent proceedings in which he might appear as a witness or defendant; the asserted injuries were not concrete injuries-in-fact sufficient to satisfy Article III's case-or-controversy requirement).

Ashmus has not demonstrated, nor does the record indicate, any continuing "collateral consequence" of the probation revocation necessary to meet Article III's standing requirement. The expiration of Ashmus's VOP sentence renders this habeas proceeding moot. *See Spencer*, 523 at 7-14; *Lane v. Williams*, 455 U.S. 624, 632-34

(1982) (holding that habeas petitioner's due process challenge to parole term became moot when his parole term ended during the pendency of his habeas proceeding); *see also, e.g., Denson v. Buss*, No. 4:10-cv-00352-MP-CJK, 2013 WL 5234434 (N.D. Fla. Sept. 17, 2013) (dismissing as moot § 2254 petition challenging revocation of probation where probation revocation sentence expired and petitioner was unconditionally discharged from custody during pendency of habeas proceeding); *Corker v. McNeil*, No. 4:19-cv-00396-WS-MJF (N.D. Fla. Oct. 6, 2021) (same), *appeal dismissed sub nom. Corker v. State of Florida*, No. 21-14449-E (11th Cir. Feb. 16, 2022).

### III. CONCLUSION

For the reasons set forth above, the undersigned respectfully **RECOMMENDS** that:

1. The petition for writ of habeas corpus, Doc. 1, challenging the revocation of Petitioner's probation in *State of Florida v. Frank Jonathan Ashmus*, Bay County Circuit Court Case No. 2014-CF-657, be **DISMISSED** for lack of jurisdiction as moot.

2. The clerk of court close this case file.

At Panama City, Florida, this 1st day of March, 2022.

/s/ *Michael J. Frank*
**Michael J. Frank**
**United States Magistrate Judge**

# NOTICE TO THE PARTIES

**Objections to these proposed findings and recommendations must be filed within fourteen (14) days of the date of the report and recommendation. <u>Any different deadline that may appear on the electronic docket is for the court's internal use only and does not control.</u> An objecting party must serve a copy of the objections on all other parties. A party who fails to object to the magistrate judge's findings or recommendations contained in a report and recommendation waives the right to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions.** *See* **11th Cir. R. 3-1; 28 U.S.C. § 636.**